JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gerald E. Groff | Megan J. Brennan, Postmaster General, United States Postal Service |
| **(b)** County of Residence of First Listed Plaintiff  Lancaster<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>David W. Crossett, Esquire<br>Cornerstone Law Firm, LLC<br>8500 Allentown Pike, Suite 3, Blandon, PA 19510 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | ❏ 820 Copyrights | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 830 Patent | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); 42 U.S.C. § 1987a.

Brief description of cause:
Religious discrimination

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/01/2019

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __12 Ridgedale Avenue, New Providence, PA 17560__

Address of Defendant: __Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013__

Place of Accident, Incident or Transaction: __Holtwood, Lancaster County, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/01/2019__      _/s/ Attorney-at-Law / Pro Se Plaintiff_      Penna ID 313031
                                                                       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David W. Crossett__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __05/01/2019__      _/s/ Attorney-at-Law / Pro Se Plaintiff_      313031
                                                                       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __12 Ridgedale Avenue, New Providence, PA 17560__

Address of Defendant: __Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013__

Place of Accident, Incident or Transaction: __Holtwood, Lancaster County, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/01/2019__   _/s/ signature_   Attorney-at-Law / Pro Se Plaintiff   **Penna ID 313031**
Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David W. Crossett__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __05/01/2019__   _/s/ signature_   Attorney-at-Law / Pro Se Plaintiff   **313031**
Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5-2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| GERALD E. GROFF | : | CIVIL ACTION |
| v. | : | |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 5/1/2019 | David W. Crossett, Esq. | Gerald E. Groff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-926-7875 | 484-930-0054 | david@cornerstonelaw.us |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

CORNERSTONE LAW FIRM, LLC
David W. Crossett, Esq.
Penna. I.D. No. 313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
Telephone:    610-926-7875
Facsimile:    484-930-0054
Email: david@cornerstonelaw.us

INDEPENDENCE LAW CENTER
Randall L. Wenger, Esq.
Penna I.D. No. 86537
Jeremy Samek, Esq.
Penna I.D. No. 205060
23 North Front Street
2nd Floor
Harrisburg, PA 17101
Telephone:    717-657-4990
Facsimile:    717-545-8107
Email: rwenger@indlawcenter.org
Email: jsamek@indlawcenter.org

CHURCH STATE COUNCIL
Alan J. Reinach, Esq. of counsel, *pro hac vice pending*
2686 Townsgate Rd
Westlake Village, CA 91361
Telephone:    805-413-7398
Facsimile:    805-497-7099
Email: ajreinach@churchstate.org

Attorneys for Plaintiff, GERALD GROFF

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD E. GROFF,<br>    Plaintiff<br><br>v.<br><br>MEGAN J. BRENNAN,<br>POSTMASTER GENERAL, UNITED<br>STATES POSTAL SERVICE,<br>    Defendant., | No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

## **PARTIES**

1. Plaintiff, GERALD E. GROFF (hereafter "Groff") was employed by Defendant, MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, (hereafter "Agency") at the Holtwood, Pennsylvania post office. Groff is a member of the Evangelical Christian Church, believes as a matter of religious conviction that he is required by the Bible to honor Sundays as the "Lord's Day" as a unique and holy day of worship and rest for the entire day and by not engaging in secular employment. At all times relevant herein, Plaintiff is an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and is a member of a protected class based on his religion – Evangelical Christian.

2. Defendant, MEGAN J. BRENNAN, Postmaster General, United States Postal Service, is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

## **JURISDICTION AND VENUE**

3. This action is brought to remedy religious discrimination. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1987a.

4. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337, and 1339. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment with the postal service, a subject of commerce and a postal matter.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff's claim for relief arose out of his employment by Defendant in Lancaster County, Pennsylvania, where all relevant events and omissions supporting Plaintiff's claims for relief occurred.

6. Plaintiff filed EEO charges of religious discrimination charges challenging disciplinary suspensions of seven (7) and fourteen (14) days pre-termination resulting in a Final Agency Decision dated January 25, 2019.

7. Plaintiff timely files this Action within ninety (90) days of receipt thereof.

8. Plaintiff has therefore exhausted his administrative remedies, and timely filed this action.

9. Subsequently, Plaintiff suffered a constructive discharge. He filed an EEO alleging constructive discharge, and this EEO is being processed. Plaintiff intends to request a Final Agency Decision, and amend his complaint herein at the appropriate time to include his claims of constructive discharge.

## DEMAND FOR JURY TRIAL

10. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

11. Plaintiff was hired to work as a Rural Carrier Associate ["RCA"] at the Holtwood Post Office on or about July 14, 2012.

12. Since before he started working with the Defendant, Groff has been an Evangelical Christian and attends Victory Church, Greenfield Campus in Lancaster, PA.

13. One of the important teachings of his church is to observe the Lord's Day as a day of rest during which time secular work is not to be performed.

14. The Lord's Day (or "Sabbath" observance) is important to Evangelical Christians for many reasons: among them, is that God rested on the Seventh Day, which is observed by Groff and his congregation on Sunday, and God made it holy after He created the world; and that God commands to "Remember" to keep His Lord's Day holy in the Ten Commandments. Evangelical Christians believe that the obligation to refrain from secular work on the Lord's Day was established by the Creator God, not by the church, and that individuals are responsible to God for their faithful obedience or disobedience.

3

15. Like most other Christian churches, members of the Evangelical Christian Church celebrate the Lord's Day every Sunday.

16. In March 2017, the Holtwood Post Office started Sunday delivery of packages for Amazon.

17. Between March 2017 and December 2017, Groff did not work Sundays as a co-worker, Sheila Moyer, who does not observe the Sabbath on Sunday, volunteered to take any Sunday shifts Groff was scheduled to work.

18. In or about December 2017, Sheila Moyer was injured on the job and was unable to continue working Groff's Sunday shifts.

19. In January 2018, Groff requested a religious accommodation from his supervisor, Brian Hess ("Hess"). Gross notified Hess that he could not work on Sundays due to his religious belief in observing the Lord's Day.

20. In March 2018, Groff filed a second religious accommodation request.

21. Groff's religious accommodation requests were never formally granted or denied, but in practice, they were denied.

22. On January 16, 2018, the Agency issued Groff a disciplinary seven (7) day suspension for refusing to work as scheduled on two (2) Sundays. The discipline stated it was for misconduct.

23. When Hess issued Groff the discipline, he explained that Groff was being punished for his refusal to obey orders.

24. On information and belief, such discipline violated Agency policy – policy regards discipline as "corrective" and is intended to correct conduct to insure an employee's success.

25. The discipline issued to Groff – if designed to be corrective -- was thereby intentionally discriminatory in that it was issued with the intent to correct Groff's religious observance of Sabbath on Sunday.

26. Groff's religious belief and observance regarding Sunday did not constitute the sort of performance failures that management had a right to seek to correct through discipline. Instead, it was Groff's constitutional right not to be forced to violate his religious beliefs as a condition of working for a United States Federal Government Agency.

27. Alternately, if the discipline issued to Groff was intended to be punitive, as Hess told Groff, it violated Agency policy that discipline be corrective in nature, not punitive.

28. On October 9, 2018, the Agency issued Groff another disciplinary suspension, this time for fourteen (14) days.

29. Between December 2017 and January 2019, Defendant Agency continued to schedule Groff to work on Sundays, despite being fully informed that Groff had requested religious accommodation not to work on Sundays.

30. On information and belief, all of Groff's supervisors, postmasters, etc., knew that he was an Evangelical Christian, and did not wish to work on Sundays for Religious reasons.

31. Yet, throughout this time period Agency made no effort to provide Groff with a job assignment that would eliminate his being scheduled in conflict with his religion.

32. Groff notified the Defendant that he was unwilling to violate his religious convictions by working on Sundays.

33. Despite sharing his religious conviction with the Defendant, the latter still scheduled Groff to work on Sunday.

34. Because Groff would not work on his Lord's Day, and because he refused to work on Sundays in the future, Hess issued Groff a written Letter of Warning on June 6, 2017.

35. Because Groff would not work on his Lord's Day, and because he refused to work on Sundays in the future, Hess issued Groff a written seven (7) day suspension on January 16, 2018.

36. Because Groff would not work on his Lord's Day, and because he refused to work on Sundays in the future, Hess issued Groff a written fourteen (14) day suspension on October 9, 2018.

37. Hess did not make any effort to relieve Groff of the obligation to work on Sunday, i.e., to provide religious accommodation, as required by Title VII.

38. On information and belief, Groff was not disciplined for attendance reasons, but because he told the Defendant that he would not work on Sundays, in violation of his religious beliefs.

39. The discipline and threat of termination due to Lord's Day observance caused Groff much anxiety and stress.

40. At all times relevant, Groff met or exceeded expectations with respect to his performance.

41. Groff was never issued any counseling or discipline with respect to his performance.

### FIRST CAUSE OF ACTION

### Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964

42. Plaintiff incorporates by reference all of the allegations stated above as though repeated and set forth in full herein.

43. Plaintiff has a sincerely held religious belief not to work on Sundays.

44. Defendant Agency, and all of Plaintiff's supervisors, had full knowledge of Plaintiff's religion – Christian, and his religious observance of Sunday.

45. Plaintiff's postmaster, Hess, told Plaintiff that he was issuing discipline to Plaintiff to punish him for his refusal to work on Sunday.

46. This constitutes an admission that Hess disciplined Plaintiff Groff on account of his religion – Christian, and on account of his religious observance.

47. Hence, Plaintiff Groff's religion was a substantial motivating factor in Defendant's decision to issue Plaintiff punitive (not corrective) discipline.

48. The disciplinary suspensions issued by Defendant Agency constitute adverse employment actions, providing Plaintiff clear notice that if he continued to refuse to work on Sundays, he would be terminated.

49. As a proximate result of Defendant's religious discrimination, Plaintiff has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

50. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

51. 42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Plaintiff is seeking reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Failure to Accommodate Plaintiff's Religious Observance
in Violation of Title VII of the Civil Rights Act of 1964**

52. Plaintiff incorporates by reference all of the allegations stated above as though repeated and set forth in full herein.

53. Plaintiff has a sincerely held religious belief to observe Sunday as a day of rest and worship, and to avoid all secular labor on that day.

54. Plaintiff informed Defendant of this belief, and requested religious accommodation not to work on Sunday.

55. Defendant failed and refused to act on Plaintiff's request for religious accommodation, neither formally granting or denying this request, so effectively, Defendant denied Plaintiff's request for religious accommodation.

56. Defendant failed to fulfill its legal obligation to make good faith efforts to provide a reasonable religious accommodation to Plaintiff, and also failed to provide Plaintiff a religious accommodation.

57. Instead of complying with its legal obligation to accommodate Plaintiff's religious observance of Sunday, Defendant issued Plaintiff punitive (not corrective) discipline constituting an adverse employment action.

58. On information and belief, Defendant Agency covered the Amazon delivery duties on Sunday in Plaintiff's absence, and was fully capable of providing him with religious accommodation.

59. As a proximate result of Defendant's religious discrimination, Plaintiff has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

60. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

61. 42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Plaintiff is seeking reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gerald Groff respectfully requests that this Court:

1. Grant a permanent injunction enjoining Defendant, its agents and employees, and all persons acting in active concert or participation with it, from engaging in religious discrimination and retaliation and any other employment practice which discriminates on the basis of religion.

2.   Order Defendant to institute and carry out policies, practices, and programs which provide Equal Employment Opportunities for religious observance of the Sabbath and which eradicate the effects of its past and present unlawful employment practices.

3.   Order Defendant to make Plaintiff whole by providing appropriate back-pay with pre-judgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating Groff to his former position as a RCA or another suitable position, and providing Groff with a schedule that accommodates his religious observance of the Lord's Day, i.e., time off on Sundays, or in the alternative, front pay.

4.   Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

5.   Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs.

6.   Grant such further relief as this Court deems just and proper.

CORNERSTONE LAW FIRM, LLC

Dated: May 1, 2019         By: _____
David W. Crossett, Esq.
Penna. I.D. No. 313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
Telephone:   610-926-7875
Facsimile:    484-930-0054
Email: david@cornerstonelaw.us

INDEPENDENCE LAW CENTER
Randall L. Wenger, Esq.
Penna I.D. No. 86537
Jeremy Samek, Esq.
Penna I.D. No. 205060
23 North Front Street

2nd Floor
Harrisburg, PA 17101
Telephone:	717-657-4990
Facsimile:	717-545-8107
Email: rwenger@indlawcenter.org
Email: jsamek@indlawcenter.org

CHURCH STATE COUNCIL
Alan J. Reinach, Esq. of counsel, *pro hac vice pending*
2686 Townsgate Rd
Westlake Village, CA 91361
Telephone:	805-413-7398
Facsimile:	805-497-7099
Email:  ajreinach@churchstate.org

*Counsel for Plaintiff*