CORNERSTONE LAW FIRM, LLC
David W. Crossett, Esq.
Penna. I.D. No. 313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
Telephone:    610-926-7875
Facsimile:     484-930-0054
Email: david@cornerstonelaw.us

INDEPENDENCE LAW CENTER
Randall L. Wenger, Esq.
Penna I.D. No. 86537
Jeremy Samek, Esq.
Penna I.D. No. 205060
23 North Front Street
2nd Floor
Harrisburg, PA 17101
Telephone:    717-657-4990
Facsimile:     717-545-8107
Email: rwenger@indlawcenter.org
Email: jsamek@indlawcenter.org

CHURCH STATE COUNCIL
Alan J. Reinach, Esq., *admitted pro hac vice*
2686 Townsgate Rd.
Westlake Village, CA 91361
Telephone:    805-413-7398
Facsimile:     805-497-7099
Email: ajreinach@churchstate.org

Attorneys for Plaintiff, GERALD GROFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD E. GROFF,<br>　　Plaintiff<br><br>　　v.<br><br>MEGAN J. BRENNAN,<br>POSTMASTER GENERAL, UNITED<br>STATES POSTAL SERVICE,<br>　　Defendant., | No. 19-cv-1879<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

## PARTIES

1. Plaintiff, GERALD E. GROFF (hereafter "Groff") was employed by Defendant, MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, (hereafter "Agency") at the Holtwood, Pennsylvania post office. Groff is a member of the Evangelical Christian Church, believes as a matter of religious conviction that he is required by the Bible to honor Sundays as the "Lord's Day" as a unique and holy day of worship and rest for the entire day and by not engaging in secular employment. At all times relevant herein, Plaintiff is an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and is a member of a protected class based on his religion – Evangelical Christian.

2. Defendant, MEGAN J. BRENNAN, Postmaster General, United States Postal Service, is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

## JURISDICTION AND VENUE

3. This action is brought to remedy religious discrimination. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1987a.

4. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337, and 1339. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment with the postal service, a subject of commerce and a postal matter.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff's claim for relief arose out of his employment by Defendant in Lancaster County, Pennsylvania, where all relevant events and omissions supporting Plaintiff's claims for relief occurred.

6. Plaintiff filed EEO charges of religious discrimination charges challenging disciplinary suspensions of seven (7) and fourteen (14) days pre-termination resulting in a Final Agency Decision dated January 25, 2019.

7. Plaintiff timely filed this Action within ninety (90) days of receipt thereof.

8. Plaintiff has therefore exhausted his administrative remedies, and timely filed this action.

9. Subsequently, Plaintiff suffered a constructive discharge. He filed an EEO alleging constructive discharge, and this EEO was pending at the time of filing the complaint herein.

10. On May 20, 2019, the EEOC issued its decision dismissing Plaintiff's EEO. Plaintiff hereby amends this complaint to include his constructive discharge, and does so timely, within ninety (90) days of receipt of the EEOC decision.

## DEMAND FOR JURY TRIAL

11. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

12. Plaintiff was hired to work as a Rural Carrier Associate ["RCA"] on or about July 14, 2012 and worked at the Paradise, PA Post Office and then the Quarryville, PA Post Office before transferring to the Holtwood, PA Post Office on August 20, 2016.

13. Since before he started working with the Defendant, Groff has been an Evangelical Christian and he currently attends Mission Church in Lancaster, Pennsylvania.

14. One of the important teachings of his church is to observe the Lord's Day as a day of rest during which time secular work is not to be performed.

15. The Lord's Day (or "Sabbath" observance) is important to Evangelical Christians for many reasons: among them, is that God rested on the Seventh Day, which is observed by Groff and his congregation on Sunday, and God made it holy after He created the world; and that

3

God commands to "Remember" to keep His Lord's Day holy in the Ten Commandments. Evangelical Christians believe that the obligation to refrain from secular work on the Lord's Day was established by the Creator God, not by the church, and that individuals are responsible to God for their faithful obedience or disobedience.

16. Like most other Christian churches, members of the Evangelical Christian Church celebrate the Lord's Day every Sunday.

17. In March 2017, the Holtwood Post Office started Sunday delivery of packages for Amazon.

18. Between March 2017 and December 2017, Groff did not work Sundays as a co-worker, Sheila Moyer, who does not observe the Sabbath on Sunday, volunteered to take any Sunday shifts Groff was scheduled to work.

19. In or about December 2017, Sheila Moyer was injured on the job and was unable to continue working Groff's Sunday shifts.

20. In January 2018, Groff requested a religious accommodation from his supervisor, Brian Hess ("Hess"). Gross notified Hess that he could not work on Sundays due to his religious belief in observing the Lord's Day.

21. In March 2018, Groff filed a second religious accommodation request.

22. Groff's religious accommodation requests were never formally granted or denied, but in practice, they were denied.

23. On January 16, 2018, the Agency issued Groff a disciplinary seven (7) day suspension for refusing to work as scheduled on two (2) Sundays. The discipline stated it was for misconduct.

24. When Hess issued Groff the discipline, he explained that Groff was being punished for his refusal to obey orders.

25. On information and belief, such discipline violated Agency policy – policy regards discipline as "corrective" and is intended to correct conduct to insure an employee's success.

4

26. The discipline issued to Groff – if designed to be corrective -- was thereby intentionally discriminatory in that it was issued with the intent to correct Groff's religious observance of Sabbath on Sunday.

27. Groff's religious belief and observance regarding Sunday did not constitute the sort of performance failures that management had a right to seek to correct through discipline. Instead, it was Groff's constitutional right not to be forced to violate his religious beliefs as a condition of working for a United States Federal Government Agency.

28. Alternately, if the discipline issued to Groff was intended to be punitive, as Hess told Groff, it violated Agency policy that discipline be corrective in nature, not punitive.

29. On October 9, 2018, the Agency issued Groff another disciplinary suspension, this time for fourteen (14) days.

30. Between December 2017 and January 2019, Defendant Agency continued to schedule Groff to work on Sundays, despite being fully informed that Groff had requested religious accommodation not to work on Sundays.

31. On information and belief, all of Groff's supervisors, postmasters, etc., knew that he was an Evangelical Christian, and did not wish to work on Sundays for Religious reasons.

32. Yet, throughout this time period Agency made no effort to provide Groff with a job assignment that would eliminate his being scheduled in conflict with his religion.

33. Groff notified the Defendant that he was unwilling to violate his religious convictions by working on Sundays.

34. Despite sharing his religious conviction with the Defendant, the latter still scheduled Groff to work on Sunday.

35. Because Groff would not work on his Lord's Day, and because he refused to work on Sundays in the future, the Agency issued Groff a written Letter of Warning on June 6, 2017.

36. Because Groff would not work on his Lord's Day, and because he refused to work on Sundays in the future, Hess issued Groff a written seven (7) day suspension on January 16, 2018.

37. Because Groff would not work on his Lord's Day, and because he refused to work on Sundays in the future, Hess issued Groff a written fourteen (14) day suspension on October 9, 2018.

38. Hess did not make any effort to relieve Groff of the obligation to work on Sunday, i.e., to provide religious accommodation, as required by Title VII.

39. On information and belief, Groff was not disciplined for attendance reasons, but because he told the Defendant that he would not work on Sundays, in violation of his religious beliefs.

40. The discipline and threat of termination due to Lord's Day observance caused Groff much anxiety and stress.

41. Defendant's illegal and oppressive conduct in treating Groff's religious observance of Sunday as a defect in need of "corrective action" in violation of his civil rights caused Groff so much anxiety and distress as to make the work environment intolerable.

42. Further, because of the Defendant's illegal conduct failing and refusing to accommodate Groff's religious observance of Sunday, instead pursuing a course of progressive discipline because Groff was exercising his religious beliefs, Groff understood and believed that it was only a matter of time that he would be terminated.

43. Rather than continue to suffer the anxiety and stress of wondering each week whether this would be the week that he would be terminated, and continue to suffer an objectively intolerable work environment, Groff chose to resign, and alleges he was constructively discharged on or about January 19, 2019.

44. At all times relevant, Groff met or exceeded expectations with respect to his performance.

45. Groff was never issued any counseling or discipline with respect to his performance.

Case 5:19-cv-01879-JLS   Document 7   Filed 05/30/19   Page 7 of 10

## FIRST CAUSE OF ACTION

### Religious Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

46. Plaintiff incorporates by reference all of the allegations stated above as though repeated and set forth in full herein.

47. Plaintiff has a sincerely held religious belief not to work on Sundays.

48. Defendant Agency, and all of Plaintiff's supervisors, had full knowledge of Plaintiff's religion – Christian, and his religious observance of Sunday.

49. Plaintiff's postmaster, Hess, told Plaintiff that he was issuing discipline to Plaintiff to punish him for his refusal to work on Sunday.

50. This constitutes an admission that Hess disciplined Plaintiff Groff on account of his religion – Christian, and on account of his religious observance.

51. Hence, Plaintiff Groff's religion was a substantial motivating factor in Defendant's decision to issue Plaintiff punitive (not corrective) discipline.

52. Groff understood that the Defendant had committed itself to pursuing progressive (punitive) discipline to its logical end of termination, and because this created an intolerable work environment, Groff was constructively discharged (i.e. quit) rather than continue to suffer the anxiety and stress of wondering when – not whether – he would be terminated.

53. Groff's disciplinary suspensions and constructive discharge constitute adverse employment actions.

54. As a proximate result of Defendant's religious discrimination, Plaintiff has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

55. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

7

56.     42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Plaintiff is seeking reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Failure to Accommodate Plaintiff's Religious Observance in Violation of Title VII of the Civil Rights Act of 1964

57.     Plaintiff incorporates by reference all of the allegations stated above as though repeated and set forth in full herein.

58.     Plaintiff has a sincerely held religious belief to observe Sunday as a day of rest and worship, and to avoid all secular labor on that day.

59.     Plaintiff informed Defendant of this belief, and requested religious accommodation not to work on Sunday.

60.     Defendant failed and refused to act on Plaintiff's request for religious accommodation, neither formally granting or denying this request, so effectively, Defendant denied Plaintiff's request for religious accommodation.

61.     Defendant failed to fulfill its legal obligation to make good faith efforts to provide a reasonable religious accommodation to Plaintiff, and also failed to provide Plaintiff a religious accommodation.

62.     Instead of complying with its legal obligation to accommodate Plaintiff's religious observance of Sunday, Defendant issued Plaintiff punitive (not corrective) discipline up to and including his constructive discharge constituting an adverse employment action.

63.     On information and belief, Defendant Agency covered the Amazon delivery duties on Sunday in Plaintiff's absence, and was fully capable of providing him with religious accommodation.

64. As a proximate result of Defendant's religious discrimination, Plaintiff has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

65. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

66. 42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Plaintiff is seeking reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gerald Groff respectfully requests that this Court:

1. Grant a permanent injunction enjoining Defendant, its agents and employees, and all persons acting in active concert or participation with it, from engaging in religious discrimination and retaliation and any other employment practice which discriminates on the basis of religion.

2. Order Defendant to institute and carry out policies, practices, and programs which provide Equal Employment Opportunities for religious observance of the Sabbath and which eradicate the effects of its past and present unlawful employment practices.

3. Order Defendant to make Plaintiff whole by providing appropriate back-pay with pre-judgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating Groff to his former position as a RCA or another suitable position, and providing Groff with a schedule that accommodates his religious observance of the Lord's Day, i.e., time off on Sundays, or in the alternative, front pay.

4. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to

pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

    5.    Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs.

    6.    Grant such further relief as this Court deems just and proper.

Dated: May 29, 2019

**CORNERSTONE LAW FIRM, LLC**

By: _____
David W. Crossett, Esq.
Penna. I.D. No. 313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
Telephone:   610-926-7875
Facsimile:   484-930-0054
Email: david@cornerstonelaw.us

INDEPENDENCE LAW CENTER
Randall L. Wenger, Esq.
Penna I.D. No. 86537
Jeremy Samek, Esq.
Penna I.D. No. 205060
23 North Front Street
2nd Floor
Harrisburg, PA 17101
Telephone:   717-657-4990
Facsimile:   717-545-8107
Email: rwenger@indlawcenter.org
Email: jsamek@indlawcenter.org

CHURCH STATE COUNCIL
Alan J. Reinach, Esq., *admitted pro hac vice*
2686 Townsgate Rd.
Westlake Village, CA 91361
Telephone:   805-413-7398
Facsimile:   805-497-7099
Email: ajreinach@churchstate.org

*Counsel for Plaintiff*