IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD E. GROFF,

    Plaintiff,

v.

LOUIS DEJOY, Postmaster General, United States Postal Service,

    Defendant.

CIVIL ACTION
No. 19-1879

## ORDER

**AND NOW**, this 30th day of January, 2025, upon review of all pending motions in this matter, as well as all responses and replies, and after oral argument being held, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (Docket No. 86) is **DENIED**;

2. Plaintiff's Motion for Partial Summary Judgment (Docket No. 87) is **DENIED**[1]; and

---

[1] This matter arises from Plaintiff Gerald Groff's assertion that the United States Postal Service failed to accommodate his religious beliefs in violation of Title VII when it refused to allow him to be removed from the USPS delivery schedule on Sundays. The facts of this matter are well known to the parties and were set forth in detail in this Court's decision on the parties' cross-motions for summary judgment in April of 2021. In that opinion, I denied Plaintiff's motion for partial summary judgment and granted Defendant's motion for summary judgment, finding that both Plaintiff's disparate impact claim and his failure to accommodate claim must fail. As to the failure to accommodate claim, I found that USPS offered Groff a reasonable accommodation, and that USPS would suffer undue hardship if Groff was permitted to skip Sunday shifts; therefore, Groff's failure to accommodate claim also must fail. Accordingly, judgment was entered in favor of the USPS.

Groff appealed my decision on his failure to accommodate claim **only** to the United States Court of Appeals for the Third Circuit. Despite disagreeing with my finding that USPS's accommodations were reasonable, the Third Circuit affirmed my finding that USPS would suffer an undue hardship if Groff was given his requested accommodation. The Third Circuit found that accommodating Groff by exempting him from Sunday work would result in an undue hardship and "caused more than a *de minimis* cost on USPS because it actually imposed on his coworkers, disrupted the workplace and workflow, and diminished employee morale at both the Holtwood and Lancaster Annex locations." *Groff v. DeJoy*, 35 F.4th 162, 175 (3d Cir. June 29, 2003).

---

Groff then filed a petition for writ of certiorari in the Supreme Court, who granted review and found that "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." 600 U.S. 447, 470 (2023). This decision clarified *Hardison v. TWA* and effectively eliminated the *de minimus* standard. The Supreme Court then vacated the judgment of the Third Circuit and remanded the case for further proceedings consistent with their opinion.

On remand to this Court, the parties filed cross-motions for summary judgment as to the failure to accommodate claim, the only remaining claim in this matter. As will be discussed below, genuine issues of material fact exist as to whether USPS would incur substantial costs resulting in an undue hardship to its business if Groff's preferred accommodation of being skipped on the Sunday schedule was granted. Accordingly, all motions for summary judgment will be denied and this matter must proceed to trial.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(c). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.,* 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 268 (3d Cir. 2010) (citing *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

First, as to Groff's motion for partial summary judgment, USPS does not dispute that he has established a *prima facie* failure to accommodate claim. Therefore, the burden shifts to USPS to establish that accommodating Groff's Sunday request would have caused it undue hardship. As to USPS's motion for summary judgment, the issue is whether Groff's desired accommodation of being skipped on the Sunday schedule would impose an undue hardship on USPS. Accordingly, the sole issue that resolves both summary judgment motions is the following: has USPS produced sufficient evidence that it will face an undue burden, defined as a "substantial increase in costs," by allowing Groff a Sunday exemption?

In support of its position that it will suffer undue hardship, USPS argues that it has produced evidence of a substantial increase in business costs, both economic and non-economic, if Groff is skipped in the Sunday rotation. Specifically, USPS cites impacts on efficiency, increased employee overtime, additional employee safety hazards resulting from delivering after dark, violations of the Memorandum of Understanding ("MOU"), employee burnout, decreased co-worker morale, and an increased burden on scheduling due to a shortage of leave replacements. (ECF No. 93, pp. 16-24.) USPS argues that all of this results in a substantial increase in costs sufficient to defeat Groff's motion and to entitle it to a grant of summary judgment in its favor.

In response to USPS's argument regarding its alleged substantial increase in costs, Groff argues, in relevant part, that when deposed, a USPS corporate representative specifically answered "no" when asked if she had any evidence of what "actually happened negatively and specifically" to USPS because of Groff's Sunday absences. (ECF No. 87, Ex. B, Pl's App. p. 112.) Further, in 2018, the Holtwood postmaster stated in an email that skipping over Groff on the Sunday schedule "does not show a hardship/burden to the USPS." (*Id*., Pl's App. p. 144.) Further, despite its argument that skipping Groff on Sundays would result in increased overtime expenses, USPS failed to produce any evidence of any such additional expenses, such as timecards or paystubs showing overtime paid to other employees.

3. A Final Pretrial Conference in this matter shall be held on February 25, 2025, at 10:00 a.m in the Chambers of the undersigned, The Gateway Building, 201 Penn Street, Reading, Pennsylvania.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

Additionally, in support of its motion for summary judgment and in opposition to Groff's, USPS argues that accommodating Groff would cause violations of the MOU, "a neutral, collectively bargained system of allocating weekend work," (ECF No. 93, p. 10) which would result in a *per se* undue hardship under *Hardison v. TWA*. (*Hardison* found violations of a seniority-based collective bargaining agreement to be *per se* undue hardship.) Based on its reading of the Supreme Court's decision in the *Groff* appeal, USPS contends that *Hardison*'s core holding was that "Title VII's duty to accommodate does not require an employer to 'take steps inconsistent with [an] otherwise valid agreement." (ECF 86, p.15-16.) In short, USPS is arguing that after *Groff*, *Hardison*'s holding creates a carveout for accommodations that would violate **any contractual rights** and is not limited to seniority systems. However, I find this argument to be unpersuasive, as the Supreme Court specifically stated that *Hardison*'s undue hardship discussion was focused on accommodations that would affect "seniority system[s]" under a collective bargaining agreement. 600 U.S. at 466. Finding that seniority rights was *Hardison*'s "core holding," the Supreme Court stated that "*Hardison*'s guidance on 'undue hardship' in situations not involving seniority rights is much less clear." *Id.* at 465. Clearly, this statement by the Supreme Court conflicts with USPS's interpretation of *Hardison* that a *per se* exemption applies to **all** contractual rights, not just contracts based upon seniority. The Supreme Court found that under *Hardison*, only "bona fide seniority" systems are exempted from Title VII, and as we held previously that the MOU in this matter is not seniority-based, this argument of USPS lacks merit. Any violations of the MOU that would arise from accommodating Groff do not result in *per se* undue hardship. Rather, those violations must be considered as part of the non-economic costs that USPS would incur if Groff was skipped in the Sunday schedule.

There is no question that USPS would have incurred **some** costs, both economic and non-economic, to accommodate Groff by skipping him on the Sunday schedule. Based upon the Supreme Court's recent guidance, the question that this Court must address is whether those costs were "substantial in the overall context of an employer's business." 600 U.S. at 467. A review of the record shows that a genuine issue of material fact exists as to the significance of the burden USPS would suffer by accommodating Groff. USPS's own witnesses provided evidence that there would be no substantial costs to the USPS if Groff was skipped on the Sunday schedule, yet USPS produced evidence that clearly showed some increase in costs, both economic and non-economic. Based upon the record before me, I am not able to determine whether the costs set forth by USPS rise to the level of being substantial, and a genuine issue of material fact exists as to whether USPS would suffer an undue hardship. Accordingly, it is inappropriate to grant summary judgment to either party on the undue hardship issue, the parties' cross-motions for summary judgment are denied, and this matter must proceed to trial.